**DIGITAL CONTROL INCORPO-RATED, a Washington corporation, Plaintiff,**

v.

**McLAUGHLIN MANUFACTURING CO., INC., a Delaware corporation, Defendant.**

No. C01–985P.

United States District Court, W.D. Washington.

Jan. 6, 2003.

See also 213 F.Supp.2d 1242.

Paul T. Meiklejohn, Brian Chung Park, Dorsey & Whitney, LLP, Seattle, WA, Aaron Kent, Digital Control, Inc. Renton, WA, for Digital Control, Inc.

Stuart R. Dunwoody, Bruce A. Kaser, Brian G. Bodine, Davis Wright Tremaine, LLP, Seattle, WA, Steven E. Farrar, Leatherwood Walker Todd & Mann, Greenville, SC, for McLaughlin Mfg. Co.

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PROSECUTION LACHES

PECHMAN, District Judge.

Plaintiff Digital Control Incorporated ("DCI") moves for partial summary judgment on the defense of prosecution laches asserted by Defendant McLaughlin Manufacturing Co. ("McLaughlin") on United States Patent Nos. 5,337,002 ('002 patent); 5,633,589 ('589 patent); 5,767,678 ('678 patent); 5,926,025 ('025 patent); 6,002,258 ('258 patent); 6,057,687 ('687 patent); 6,008,651 ('651 patent); and 6,232,780 ('780 patent). (Dkt. No. 136.) Because Defendant fails to raise a genuine issue of material fact regarding any unreasonable and unexplained delay by Plaintiff, Plaintiff's motion for partial summary judgment is GRANTED.

## BACKGROUND

This matter involves patents of a device that drills holes for cable, water, and other utility lines underground, without requiring the opening of deep, above-ground trenches. This technology, which allows construction workers to avoid digging up streets and sidewalks, is known as horizontal directional drilling (HDD), or trenchless locating. Defendant argues that the Court should find eight of the twelve patents at issue unenforceable because of prosecution laches—Plaintiff's unreasonable delay in prosecuting them in the Patent and Trademark Office ("PTO"). This Court previously denied Defendant's motion for partial summary judgment on prosecution laches, and in that order the Court set out the applicable facts and law.

The patents that Defendant argues are unenforceable come from the '442 patent family. The '442 patent was filed on March 1, 1991, and issued by the PTO on October 13, 1992. It expires on March 1, 2011. Over the course of approximately eight years, Plaintiff obtained a number of other patents as continuations or continuations-in-part of the '442 family. Defendant argues the following eight patents are unenforceable.

| Patent No. | Filed | Issued | Expires |
|---|---|---|---|
| '002 | 10/09/1992 | 08/09/1994 | 08/09/2011 |
| '589 | 05/16/1995 | 06/27/1997 | 08/09/2011 |
| '678 | 10/09/1996 | 06/16/1998 | 03/01/2011 |
| '025 | 04/13/1998 | 07/20/1999 | 03/01/2011 |
| '258 | 04/13/1998 | 12/14/1999 | 03/01/2011 |
| '687 | 04/13/1998 | 05/02/2000 | 03/01/2011 |
| '651 | 09/18/1998 | 12/18/1999 | 03/01/2011 |
| '780 | 03/03/2000 | 05/15/2001 | 03/01/2011 |

Defendant contends that development of the '442 patent family over eight years is unreasonable delay, and infringement claims on these patents are barred by prosecution laches.

When Plaintiff originally filed the '442 patent application in 1991, the PTO determined that the '442 application contained four different independent groups of inventions relating to HDD technology: a signal receiver, transmitter housing; capacitive pitch sensor, and calibration method. The PTO allowed DCI to pursue only one of these invention groups in a single patent, and DCI chose the pitch sensor. While the '442 patent describes the entire HDD process and device, it states claims relating only to the pitch sensor.

Plaintiff DCI chose to patent the remaining three inventions as continuations, the latest of which was issued in 2001. The parties do not dispute that continuation practice is lawful and authorized by statute. 35 U.S.C. §§ 120, 121. There is no dispute that the continuation practice followed by Plaintiffs is common. However, Plaintiff could have submitted the remaining three inventions in 1991 as separate independent patents. Defendant alleges this Plaintiff should have immediately submitted separate patents, and that to delay continuation applications over eight years was unreasonable.

To support the allegation that Plaintiff's delay was unreasonable, Defendant submits the declaration of Ogden H. Webster, a former Kodak patent attorney. (Ogden Decl. ¶ 3.) Mr. Ogden protests the Plaintiff's continuation practice as unreasonable, and claims that he or other Kodak patent attorneys under his supervision never filed a series continuation like Plaintiff's. (*Id.* ¶ 14.) Plaintiff disputes Mr. Ogden's assertions, and submits evidence that Kodak on a number of occasions used lawful mechanisms to delay in prosecuting patents. (Meiklejohn Decl. ¶¶ 4–6.) Defendant also asserts that it has been involved in developing, marketing, and selling HDD equipment since 1989.

## ANALYSIS

This matter is before the Court on summary judgment. The Court grants summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Defendant bears the burden of proof on its affirmative defense of laches. Where the nonmoving party bears the burden of proof, it must present evidence that establishes a genuine issue of material fact. *Id.* 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Last year, the Federal Circuit revived the defense of prosecution laches. *Symbol Techs., Inc. v. Lemelson Med.*, 277 F.3d 1361, 1363 (Fed.Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 113, 154 L.Ed.2d 36 (2002). *Symbol* announced the following rule: the equitable doctrine of laches may be applied to bar enforcement of patent claims that issued after an unreasonable and unexplained delay in prosecution *even though the applicant complied with pertinent statutes and rules.* *Id.* at 1363 (emphasis added). The single issue before the Court is whether, as a matter of law, Plaintiff's delay in prosecuting continuation applications was unreasonable and unexplained.

The Federal Circuit has only published two cases on the revived laches defense, *Symbol* and *In re Bogese II*, 303 F.3d 1362

(Fed.Cir.2002). Both cases involve extreme examples of delay designed to extend the effective life of a patent well beyond the generally allowable twenty years. It is undisputed that Plaintiff has not engaged in this practice to extend the life of the patents at issue. Consequently, no case of which this Court is aware applies a laches defense to a factual situation analogous to the one before the Court.

In *Symbol*, the assignee of Jerome H. Lemelson's 185 unexpired patents and many pending patent applications sued for infringement of patent applications filed in 1954 and 1956 regarding machine vision and automatic identification technology. *Id.* at 1363. In 1998, forty years after these patent applications were filed, Lemelson began to send letters to bar code scanner customers claiming the devices they used infringed his patents. *Id.* Through such tactics, Lemelson arguably unfairly attempted to claim an invention decades after the industry was fully developed and commercialized. *Symbol* was truly an extreme case, where one party proposed to extend patent protection for nearly 40 years. *Ford Motor Co. v. Lemelson*, 42 U.S.P.Q.2d 1706, 1708 (D.Nev. 1997) ("Lemelson's position [is] that there is no limitation to the length of a chain of continuing applications or the remoteness of the first application so long as new claims bear on similar subject matter."). Lemelson also offered no explanation for the delay in prosecuting patents. *Id.*

In *Boghese II*, the plaintiff similarly engaged a practice of abusive continuation applications through which he maintained the benefit of a 1978 filing date while delaying prosecution of applications that would issue in the 1990s, again attempting to extend patent protection well beyond twenty years. 303 F.3d at 1364–66. The Federal Circuit upheld the PTO examiner's decision that these abusive continuation applications could be rejected under the doctrine of laches. *Id.* at 1364–65, 1369.

As noted in the Court's prior order, the General Agreement on Tariffs and Trade ("GATT") largely eliminated the possibility for the continuation abuse identified in *Symbol* and *Boghese II*, cases which both involved pre-GATT law. GATT was incorporated into United States law on June 8, 1995, and continuation patents filed after GATT became effective have the same termination date as the parent patent. 35 U.S.C. § 154(a). Before GATT, continuation patents independently received 17 years of protection, but still had the filing date of the parent patent, and therefore could effectively provide patent rights for well over twenty years, as addressed in *Symbol*. Plaintiff urges the Court to rule that laches could never apply to a patent under the GATT system. However, the Court in its prior order declined making such a broad ruling given that no such holding was explicitly made in the *Symbol* case.

■ Nonetheless, as the Court noted in its prior order, patents subject to GATT or terminal disclaimers limiting patent protection to twenty years will tend to be reasonable. Courts condemning continuation practice have generally done so in the context of inventors that effectively extend the life of patents. *See, e.g., Application of Henriksen*, 55 C.C.P.A. 1384, 399 F.2d 253, 262 (Cust. & Pat.App.1968) ("we would express the postscript to this opinion, as did the dissenting opinion of the board, that it is unfortunate that a patent should be granted on an application depending upon another application filed over 20 years ago."); *Crown Cork v. Ferdinand Gutmann Co.*, 304 U.S. 159, 174, 58 S.Ct. 842, 82 L.Ed. 1265 (1938) ("Thus, sweeping, indefinite and unclaimed disclosures, and adroit use of 'divisionals'— which laches and unreasonable delay are

no longer sufficient to bar—are permitted to extend a patent's statutory life and to increase a patentee's reward beyond that granted by Congress.") (J. Black dissenting). As Plaintiff points out, no court has held that a continuation subject to GATT or a terminal disclaimer is unenforceable because of laches.

Furthermore, Defendant has failed to otherwise raise a genuine issue of material fact that Plaintiff's delay was unreasonable and unexplained. Plaintiff did not wait on their patent applications while taking no action for decades, as was the case in *Symbol.* Rather, Plaintiff filed continuations soon after the PTO rejected their original patent proposal. The PTO did not reject Plaintiff's continuations for laches, as in *Bogese II,* but instructed Plaintiff to file separate patents. Plaintiff's delay is reasonable and explained by the directives of the PTO. This practice of continuation, even when it "captures" technology or devices of a competitor, is lawful and has been consistently upheld by courts. *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.,* 863 F.2d 867, 874 (Fed.Cir. 1988).

Defendant attempts to develop an issue of fact on reasonability through the expert declaration of Mr. Ogden. His comment that he believes continuation practice to be unreasonable cannot raise an issue of fact. Mr. Ogden's principal complaint is with lawful continuation practice itself. Mr. Ogden believes that continuation practice should be limited as in the statutory framework for reissue patents: "By using the continuation practice, a party can keep a continuation pending and prosecute broader claims and effectively *circumvent the reissue statute.*" (Ogden Decl. ¶ 23) (emphasis added). However, this Court's previous order clarified that Congress distinguished reissue patents from continuations. The Court will not eliminate the statutory distinction between continuation and reissue patents through the laches defense.

Finally, Defendant raises the issue of "intervening rights." As noted in the Court's previous order, and the order on reconsideration, the Court does not consider that an examination of intervening adverse rights is a useful concept in prosecution laches when addressing continuation applications. Moreover, Defendant has failed to show that their devices, as well as Plaintiff's continuation applications, were not covered by the parent patent's claims.

## CONCLUSION

Defendant fails to raise a genuine issue of material fact regarding any unreasonable and unexplained delay by Plaintiff. Plaintiff's motion for partial summary judgment on the defense of prosecution laches is GRANTED. (Dkt. No. 136.)

The Clerk is directed to send copies of this order to all counsel of record.